## SAUNDERS v. COMMERCIAL CREDIT CO

No. 18284. Opinion Filed June 12, 1928.

(Syllabus.)

**1. Appeal and Error—Burden on Appellant to Show Abuse of Discretion in Refusal of Continuance.**

When the appellant urges the judgment of the trial court should be reversed for the refusal of the trial judge to grant a continuance because of the absence of the defendant, the burden is upon the appellant to affirmatively show that the court abused its discretion in refusing to grant the continuance, and when the record does not make such an affirmative showing, the judgment of the trial court must be affirmed.

**2. Same—Judgment Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the Commercial Credit Company against R. L. Saunders. Judgment for

plaintiff, and defendant brings error. Affirmed.

H. N. Gambill and R. L. Saunders, for plaintiff in error.

Pierce, McClelland & Kneeland, for defendant in error.

HEFNER, J. The plaintiff in error herein will be referred to as defendant, and the defendant in error as plaintiff.

The plaintiff brought this action in the district court of Pontotoc county seeking to recover possession of an automobile or its value in the sum of $1,000 from the defendant. The defendant filed an answer and cross-petition. The case was set for trial in the district court on October 11, 1926, but was not reached until October 12, 1926, at which time the attorney for defendant appeared and requested that the cause be continued because the defendant was not present. The court overruled the motion for continuance and rendered judgment against the defendant, and he has brought the case here for review.

A portion of the judgment of the trial court is as follows:

"* * * And the plaintiff having announced ready for trial, and the attorney for the defendant, R. L. Saunders, having moved the court for a continuance on account of the absence of the defendant, and it appearing to the court that this case was regularly assigned for trial on October 11th, and that the defendant, R. L. Saunders, was in court on said date, and the plaintiff announced ready for trial at said time, and that the defendant, R. L. Saunders, had not been excused, and that said cause should be tried at this time, and, that the motion of the defendant, R. L. Saunders, for a continuance should be and the same is hereby overruled, and the court having ordered said cause to proceed to trial, and the attorney for the defendant, R. L. Saunders, stating that he would take no further part thereon, and thereupon the plaintiff waived trial by jury and agreed to submit the matter to the court, and having introduced its evidence and rested its case," etc.

The defendant urges that the case should be reversed because the court abused its discretion in refusing to grant a continuance because of the absence of the defendant. There is nothing in the record from which this court can determine whether or not the trial court abused its discretion in refusing to grant the continuance. The burden is upon the defendant to affirmatively show that the court abused its discretion in refusing to grant the continuance. The record does not make such an affirmative showing, and, in the absence thereof, the judgment of the trial court must be affirmed.

The judgment of the trial court is affirmed and judgment is awarded on the supersedeas bond in accordance with the motion of the plaintiff.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 4 C. J. p. 809, §2780; 6 R. C. L. p. 545; 2 R. C. L. Supp. p. 153; 4 R. C. L. Supp. p. 425; 5 R. C. L. Supp. p. 354; 6 R. C. L. Supp. p. 397; 7 R. C. L. Supp. p. 191. (2) 34 Cyc. p. 1507.